# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| WANDA SHELTON, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07cv00022 |
| | ) | |
| | ) | **OPINION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By:   P<small>AMELA</small> M<small>EADE</small> S<small>ARGENT</small> |
|     Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 18) ("the Motion"). Based on the reasoning set out below, the Motion will be granted, but in a reduced amount.

Wanda Shelton filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered March 31, 2008, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 17.) Counsel for Shelton filed a petition seeking approval of a fee of $ 4,150.00 for representing Shelton in this court. By order entered October 23, 2009, the court ordered the

Commissioner to respond to the Motion. (Docket Item No. 19.) Thereafter, the Commissioner responded, not objecting to the plaintiff's request for fees. (Docket Item No. 20.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2009). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Shelton's counsel has not provided the court with any such fee agreement. However, counsel has provided the court with a copy of the Social Security Administration's August 15, 2009, Notice Of Award Letter, which states that Shelton is entitled to $ 9,387.00 in past-due DIB benefit, and that it had withheld $ 2,346.75, or 25 percent, from Shelton's past-due benefits.[1] (Attachment 1 to Docket Item No. 18).

---

[1]Counsel also has submitted a Notice Of Award Letter, dated September 7, 2009, stating that Shelton is entitled to $ 4,084.55 in past-due SSI benefits. (Attachment 1 to Docket Item No. 18). However, it is well-settled that "the only funds available to the attorney of a claimant under both Title II and Title XVI are the funds withheld by the Secretary pursuant to section 206(a) of the Act." *Motley v. Heckler*, 800 F.2d 1253, 1255 (4th Cir. 1986).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Shelton's counsel has supplied evidence that shows that counsel spent a total of 23.5 hours in representing Shelton in this court. I first note that the time expended does not appear to be reasonable. For instance, in his sworn itemized statement, counsel states that he spent one hour on three separate occasions to electronically filing documents with the court. This is a routine administrative task, which the court finds should take no more than .10 hours on each occasion. Additionally, counsel states that he spent three hours preparing the complaint, summons and cover sheet in this case. However, this is another routine administrative task, which the court finds should take no more than one hour to complete. Finally, counsel states that he spent three hours filing the fee petition currently before the court. Such petitions are routine, especially for counsel such as Mr. Lee who

commonly work with social security claimants. The court further notes that the fee petition in this case consists of one paragraph, in addition to the attached sworn, itemized statement of counsel's time spent on the case before this court. I find that the preparation of these documents should take no more than .50 hours to prepare. These specific amounts of time will be reduced accordingly. The remainder of counsel's itemized statement of time appears to be reasonable. All of this being said, I will reduce counsel's time statement from 23.5 hours to 16.30 hours. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits. However, the Motion requests a total fee of $ 4,150.00, an amount that far exceeds the 25 percent of past-due benefits allowed under the applicable statute. As indicated in the Notice Of Award Letter, 25 percent of Shelton's past-due DIB benefits would be $ 2,346.75. That being the case, I cannot award Shelton's counsel the requested fee of $4,150.00. Instead, I will award counsel $ 2,346.75, the maximum amount allowable under the statute. Such an award would amount to an hourly payment of approximately $143.97 if based upon 16.30 hours of work. The court finds this to be a reasonable amount and will award an attorney's fee in the amount of $ 2,346.75.

For the foregoing reasons, the Motion will be granted in a reduced amount, and a judgment will be entered awarding the plaintiff's attorney a fee of $ 2,346.75.

DATED: October 28, 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE